1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
9                     AT TACOMA

10   JOHN G. A., III,

11                          Plaintiff,              CASE NO. 3:19-CV-5255-DWC

12        v.                                        ORDER REVERSING AND
                                                    REMANDING DEFENDANT'S
13   COMMISSIONER OF SOCIAL                          DECISION TO DENY BENEFITS
     SECURITY,
14
                            Defendant.
15

16        Plaintiff filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of

17   Defendant's denial of her applications for disability insurance benefits ("DIB") and supplemental

18   security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and

19   Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned

20   Magistrate Judge. *See* Dkt. 2.

21        The parties agree the Administrative Law Judge ("ALJ") committed reversible error.

22   Further, the Court finds there are outstanding issues that must be resolved regarding Plaintiff's

23   ability to perform his past relevant work and other jobs in the national economy. Accordingly,

24

this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Commissioner of Social Security ("Commissioner").

## FACTUAL AND PROCEDURAL HISTORY

On January 13, 2015, Plaintiff filed applications for DIB and SSI, alleging disability beginning June 4, 2013. *See* Dkt. 10, Administrative Record ("AR") 17. The applications were denied on initial administrative review and reconsideration. *See* AR 17. A hearing was held before ALJ S. Andrew Grace on April 6, 2017. *See* AR 73-105. A supplemental hearing was held before the ALJ on February 1, 2018. *See* AR 39-72. In a decision dated March 14, 2018, the ALJ determined Plaintiff became disabled on January 13, 2015; however, he found Plaintiff was not disabled prior to this date. AR 17-30. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1-5; 20 C.F.R. § 404.981, § 416.1481.

In the Opening Brief, Plaintiff maintains the ALJ erred by: (1) improperly considering Plaintiff's past relevant work and improperly applying the grids; and (2) improperly evaluating Plaintiff's testimony. Dkt. 12, p. 1. Plaintiff requests the Court remand this case for an award of benefits. *Id.* at p. 18.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

Plaintiff and Defendant agree the ALJ committed reversible error. Dkt. 12, 19, 20. Plaintiff argues the case should be remanded for payment of benefits, while Defendant asserts the case should be remanded for further administrative proceedings. *See* Dkt. 12, 19, 20.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, under this "credit-as-true" test, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d 1273 at 1292; *McCartey v. Massanari*, 298 F.3d 1072, 1076-77 (9th Cir. 2002).

An ALJ's errors are relevant, however, only to the extent they impact the underlying question of the Plaintiff's disability. *Strauss v. Commissioner of the Social Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact, disabled, no matter how egregious the ALJ's errors may be." *Id.* (citing *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 357 (7th Cir. 2005)). Therefore, even if the "credit-as-true" conditions are satisfied, a court should nonetheless remand the case if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled."

*Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014) (citing *Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2004)).

The parties agree the ALJ committed reversible when he improperly considered Plaintiff's past relevant work and ability to perform work as an estimator. *See* Dkt. 19, 20.

If the claimant cannot perform his or her past relevant work at Step Four of the disability evaluation process, at Step Five, the ALJ must show there are a significant number of jobs in the national economy the claimant is able to do. *See Tackett v. Apfel*, 180 F.3d 1094, 1098-99 (9th Cir. 1999); 20 C.F.R. §§ 404.1520(d)-(e). In doing so, the ALJ considers the claimant's residual functional capacity ("RFC"), age, education, and work experience to see if the claimant "can make an adjustment to other work." 20 C.F.R. 404.1520(a)(4)(v), (g)(1). If the claimant can make an adjustment to other work, he or she will be found not disabled. *Id*. If not, the claimant will be found disabled. *Id*.

In making the determination as to whether a claimant is capable of performing other work existing in significant numbers in the national economy, the ALJ must take into account the claimant's skills, if any, and their transferability. Social Security Ruling ("SSR") 82-41, 1982 WL 31389 *1. A claimant's "[s]kills and their transferability relate to" his or her "abilities to do occupations different from those" he or she did "before becoming impaired." *Id*. at *1. The term "skills" refers to "experience and demonstrated proficiency with work activities in particular tasks or jobs." *Id*. at *3.

At Step Four of the sequential evaluation process, the ALJ determined Plaintiff had past relevant work as a truck driver; sales attendant, building materials; and roofer, roofing supervisor, and estimator. AR 25-26. The ALJ determined Plaintiff had acquired work skills from his past relevant work through his date last insured. AR 25. The ALJ stated:

The vocational expert [Sonja Stratton] was asked if any occupations exist which could be performed by an individual with the same age, education, past relevant work experience, and residual functional capacity as the claimant, and which require skills acquired in the claimant's past relevant work but no additional skills. The vocational expert responded and testified that representative occupations such individual could perform include: [estimator].

AR 28. The ALJ further stated he did not ask the vocational expert ("VE") Stratton "about specific skills transfer because the claimant actually performed the job of estimator as a portion of his composite roofing job. Because he actually performed the job for a portion of nine years, he obviously acquired the skills to perform the job." AR 28.

Plaintiff maintains that, if VE Stratton's testimony is credited as true, Plaintiff must be found disabled. *See* Dkt. 20. VE Stratton testified Plaintiff would not be able to perform his past work. AR 68. However, she stated a person with Plaintiff's age, education level, work experience, and RFC could perform the job of an estimator. AR 68-69. VE Stratton concluded that, if the job of estimator was not considered, she was not aware of any jobs Plaintiff could perform, wherein his skills would transfer from his prior skilled work. AR 69. She also stated the estimating skills for a roofer are "really very specific to the construction, home improvement industry, and would not easily transfer." AR 70.

The record also contains testimony from VE Lois Silverstein. VE Silverstein testified Plaintiff would be able to perform the job of sales representative, building equipment and supplies. AR 97, 100. She also testified Plaintiff's skills could transfer to the job of a chauffeur, buyer, manufacturer's representative, and sales person, general merchandise. AR 101. While VE Silverstein's testimony was not based on a complete hypothetical question, including all limitations contained in the RFC assessment, her testimony provides some evidence Plaintiff is able to perform other jobs in the national economy.

Furthermore, the ALJ stated he did not ask VE Stratton about the transferability of skills to the estimator position. *See* AR 27-28. The record also fails to show specific VE testimony regarding the transferability of Plaintiff's skills. AR 64-71, 99-104. Additionally, the ALJ did not make explicit findings regarding the transferability of Plaintiff's skills. *See* AR 27-28; *see also* Dkt. 12, p. 9 (Plaintiff asserts the ALJ failed to identify transferable skills).

As the record contains conflicting evidence and lacks clarity regarding the transferability of Plaintiff's skills, the Court concludes remand for further proceedings is appropriate in this case. *See Phair v. Colvin*, 2013 WL 6185243, *3-4 (W.D. Wash. Nov. 26, 2013) (remanding for further proceedings where the ALJ failed to make findings of fact regarding specific transferrable skills and found the transferability of work skills was not material to the disability determination); *McAndrews v. Colvin*, 2014 WL 5089745, *5 (E.D. Wash. Oct. 9, 2014) (finding remand for further proceedings appropriate where the record contained contradictory opinions from two vocational experts, one which, if relied on, would result in the plaintiff being able to work and one which would result in the plaintiff being found disabled); *Menefee-Arellano v. Astrue*, 2011 WL 1337347, at *2 (D. Or. Apr. 7, 2011) (finding outstanding issues must be resolved regarding transferability of skills and stating that "a finding [of disability] and assessment of plaintiff's skills are not appropriate for this court to make, given testimony by the vocational expert that plaintiff possessed transferable skills at some point. It is the role of the ALJ, not this court, to make such findings."); SSR 82-41 (the ALJ is required to make findings concerning transferable work skills, and support that determination with appropriate documentation).

CONCLUSION

Based on the foregoing reason, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled prior to January 13, 2015. Accordingly, Defendant's decision to deny benefits prior to January 13, 2015 is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein. On remand, the ALJ shall reconsider Plaintiff's subjective symptom testimony, reconsider the RFC, and obtain additional testimony from a vocational expert regarding Plaintiff's past relevant work and the transferability of Plaintiff's skills. The ALJ shall then continue through the remaining steps of the sequential evaluation process.

Defendant's decision finding Plaintiff disabled as of January 13, 2015 is affirmed.

Dated this 10th day of December, 2019.

David W. Christel
United States Magistrate Judge